(107 App. Div. 557.)

### WENTZ v. McCANN.

(Supreme Court, Appellate Division, Third Department. September 13, 1905.)

SALES—SUPPORT OF FAMILY—LIABILITY OF HUSBAND AND FATHER.

In an action for meat delivered by plaintiff, before and after the death of defendant's wife, at the residence of defendant, where he lived with several children, some of them minors, and his wife, before her death, it appeared that so long as she lived the orders were usually given by her, many times in defendant's presence, and all payments were made by her. It did not appear who gave the orders after her death. There was no evidence that the wife by special agreement charged herself with such necessaries for the family, so as to overcome the presumption that in ordering she acted as agent of defendant. *Held,* that defendant was not relieved of liability by an arrangement, not known of by plaintiff, between defendant and adult daughters, whereby he contributed a certain amount of money each week for the support of himself, his wife, and minor children, for which they agreed to run the house; it not appearing that the daughters expended the money for such support.

Appeal from Chemung County Court.

Action by William F. Wentz against Terrence McCann. From an order and judgment of the County Court, affirming a judgment of the City Court of Elmira for defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. D. Wilcox, for appellant.
Lewis E. Mosher, for respondent.

CHESTER, J. The action was brought to recover for meats alleged to have been sold and delivered to the defendant by the plaintiff between April 15, 1901, and March 25, 1902. On the trial the amount of the plaintiff's claim was not disputed, and it was admitted by the defendant that the goods were delivered at the place of residence of the defendant. The defendant lived with his wife and several children, three of whom were minors. His wife died the latter part of November or the 1st of December, 1901. So long as she lived the orders for the meats were usually given by her, many times in his presence, and all moneys paid on account were paid by her. The plaintiff kept on supplying meat to the defendant's family for about three months after the death of the wife, and about one-half of the amount of the plaintiff's claim is for meat furnished after her death. It does not appear who gave the orders for the meats so furnished. For a defense the defendant testified, in substance, that he made an oral agreement, six or seven years before the trial, with two of his adult daughters, whereby he was to contribute to them $10 per week, the produce of a cow, and all that was needed from the produce of his garden for the support of himself, his wife, and his three minor children, and for which the two daughters agreed to run the house; that they lived under this agreement for a number of years, and until his wife died; and that shortly after that he disagreed with the daughters and they left the house. It does not appear just when, after the wife's death, they left, nor how much, if any, of the meats were furnished after they left. The City Court gave judg-

ment for the defendant. This has been affirmed by the County Court, and the plaintiff appeals.

There can be no question but that the goods furnished were necessaries for the defendant and those dependent upon him for support. The law casts the burden upon him to support and maintain his wife and minor children. This was his obligation under the common law, and it has not been changed by the legislation relating to married women. Holcomb v. Harris, 166 N. Y. 257, 59 N. E. 820; Grandy v. Hadcock, 85 App. Div. 173, 83 N. Y. Supp. 90. Mr. Justice Chase, in writing for the court in the case last cited, says:

"The liability for necessities furnished to the family of a married man is presumptively and primarily upon the husband, unless the wife by express agreement charges herself personally with the same."

There is no evidence that the wife made such an agreement in this case. Where a man is living with his wife, and she orders necessaries for the family use, the presumption is that she acts as his agent. Winkler v. Schlager, 64 Hun, 83, 19 N. Y. Supp. 110; Lindholm v. Kane, 92 Hun, 369, 36 N. Y. Supp. 665.

The plaintiff's case does not rest upon these presumptions alone. It was proven that many of the orders for meats were given by the defendant's wife in his presence, and presumably by his consent. This was not denied by the defendant, and there is no direct evidence in denial of her agency. I think the defendant's evidence as to the arrangement he had with his daughters falls far short of being sufficient to rebut these presumptions and overcome this proof, or to defeat the plaintiff's claim. There is no proof that the plaintiff had any knowledge of this arrangement. Nor was it shown that either of the daughters, pursuant to the arrangement or in any other way, ever purchased any supplies for the defendant or his wife and minor children, or contributed a cent to their support. So far as appears, the daughters may have expended the entire $10 per week for clothing, or in some other way, for their own adornment or benefit. The defendant's testimony that he continued to live under that agreement for a number of years, and that he had provided for his wife according to that agreement, cannot serve to aid him, as this testimony was but the statement of his conclusions, and did not prove any fact, much less that the daughters had applied the $10 per week as required by the agreement. While the story the defendant told was on its face one that would naturally excite suspicion concerning its truth, yet it may be conceded that the defendant made a bargain, just as he claims he did, with his daughters to contribute a specified amount per week for the support of himself, his wife, and his minor children, and even that he paid that amount to his daughters for that purpose. Yet that arrangement, in the absence of evidence that the daughters did in fact expend the amount for such support, will not relieve the defendant from his legal liability to pay for necessaries furnished to those dependent upon him, and affords no justification for a judgment for the defendant. A husband cannot shield himself from his obligation to furnish necessaries to his wife and minor children simply by making a bargain with some third person

to furnish them. If such a bargain is not carried out, he is still liable for such necessaries so furnished.

As I understand the case of Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, relied upon by the defendant, it decides nothing counter to the principles above stated. That was a case where a wife, who was abundantly supplied by her husband, not only with ready cash, but with similar articles to those purchased, went to a city distant from her home and purchased goods from a stranger, with whom she had never traded, without the knowledge or consent of her husband; and the court held that the husband was not liable.

The judgment should be reversed, with costs to the plaintiff in all the courts. All concur.