### VALOIS v. GARDNER.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. HUSBAND AND WIFE—FAMILY NECESSARIES—WIFE'S LIABILITY—PRESUMP-
TIONS.

    While a wife living with her husband may by agreement charge herself personally for family necessaries, the presumption is that she purchases such necessaries as her husband's agent and that he alone is liable therefor.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 131, 133.]

2. SAME—EVIDENCE.

 In an action against a wife for family necessaries purchased by her while living with her husband, evidence *held* insufficient to show an agreement to charge herself personally therefor.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 848.]

Appeal from St. Lawrence County Court.

Action by Alfred Valois against Frances Gardner. From so much of a judgment of the St. Lawrence County Court as reversed a justice's judgment on one of two causes of action in favor of plaintiff, he appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

F. K. Moreland, for appellant.

Edward P. Lynch, for respondent.

CHESTER, J. The appellant recovered judgment in the justice's court upon two causes of action, each for goods alleged to have been sold to the defendant. The County Court reversed the judgment as to the first cause of action, and the plaintiff appeals.

The defense is coverture. The plaintiff swore that he sold and delivered meats to the defendant at various times, that at different dates she made payments, and that the goods were all charged to her and not to her husband. He swore on cross-examination that he knew the defendant was a married woman, and that she and her husband were living together as man and wife, with their children, during this time. Where a married woman, living with her husband and children, purchases necessaries for the family use, the presumption is that the purchases were made as the agent of the husband, and that he alone is liable. Lindholm v. Kane, 92 Hun, 369, 36 N. Y. Supp. 665; Wenz v. McCann, 107 App. Div. 557, 95 N. Y. Supp. 462: The wife may nevertheless, by an agreement to that effect, charge herself personally for necessaries purchased by her for the family while living with her husband. Tiemeyer v. Turnquist, 85 N. Y. 516, 39 Am. Rep. 674; Ruhl v. Heintze, 97 App. Div. 442, 89 N. Y. Supp. 1031.

It is claimed that the defendant so charged herself in this case. All there is upon which this claim is founded is the evidence of the plaintiff that at the time the account was started, or at some time while it was running, he had a conversation with the defendant, and that she said she owned the property where she lived and another place, and also that about a year before the trial she told the plaintiff she owned real estate. The account appears to have been running from some time in 1904 to June, 1906. The case was tried in September, 1906, so we have the fact that about a year before this the defendant told the plaintiff she owned real estate and at some indefinite time she told him what it was. This falls far short of sufficient evidence upon which to base the conclusion that she at any time made an agreement to charge herself with the payment of these goods. The plaintiff also swore that they were charged to her;

but there is no proof that she knew they were so charged, or that she ever authorized him to charge them to her.

The judgment should be affirmed, with costs. All concur, except SMITH, P. J., not voting.