GREENBAUM v. GREENFIELD et al.

(Supreme Court, Appellate Term.   February 5, 1909.)

1. WITNESSES (§ 400*)—CONTRADICTION OF ADVERSE PARTY CALLED AS WIT-
NESS—STATUTORY PROVISIONS.
    Under Code Civ. Proc. § 838, providing that the testimony of a party,
taken at the instance of the adverse party, may be rebutted by other
evidence, plaintiff, by calling defendant to testify to a fact, was not con-
cluded thereby, but could call other witnesses to establish the fact con-
trary to that testified to by defendant; the witnesses not being called
to impeach, him.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1269; Dec.
Dig. § 400.*]

2. SALES (§ 358*) — ACTION FOR PRICE — ADMISSIBILITY OF EVIDENCE — PRIOR
TRANSACTION.
    In an action for the price of goods sold, where a defendant testified
that when the order for the goods was given no sample was shown, but
that the goods were to be the same as those formerly purchased from
plaintiff, and plaintiff testified that the defendant stated when he gave
the order that he wanted another lot of goods the same as plaintiff had
made the last time, evidence was admissible to show what kind of goods
defendants had theretofore ordered and the price.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 358.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by Max Greenbaum against Jacob Greenfield and others.
Judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
SEABURY, JJ.

Leon Dashew, for appellants.
Charles L. Greenthal, for respondent.

GIEGERICH, J.   The action is to recover the agreed price of goods
sold and delivered by the plaintiff to the defendants.   The answer
contains a general denial, and sets up as a separate defense that the
defendants ordered certain goods from the plaintiff, but that the lat-
ter did not deliver the kind of goods agreed upon.

The principal question litigated upon the trial was whether, as
claimed by the defendants, they ordered imported laces of a certain
design, or whether, as contended for by the plaintiff, they ordered
domestic laces to be manufactured according to that design.   The
trial justice resolved the conflict of testimony in the plaintiff's favor,
and such determination is amply supported by the evidence.

The defendants contend that, as plaintiff called the defendant Green-
field as a witness in his behalf, he was concluded by his testimony,
and could not call other witnesses to contradict him.   Section 838 of
the Code of Civil Procedure provides that:

"The testimony of a party, taken at the instance of the adverse party, orally
or by deposition, may be rebutted by other evidence."

Since the other witnesses were called by the plaintiff for the pur-
pose of establishing a particular fact contrary to that testified to by

the said defendant, and not to impeach him, the former was not bound by his testimony. Ruhl v. Heintze, 97 App. Div. 442, 446, 89 N. Y. Supp. 1031, and citations.

The plaintiff, over the defendants' objection and exception, was permitted to show a prior transaction between the parties litigant. Such evidence was properly received, in view of the testimony of the said defendant Greenfield that when the order in suit was given no sample was shown, but that the goods were to be the same as those purchased from the plaintiff when he was with the Co-operative Company, and in view of the further testimony of the plaintiff that the said defendant Greenfield stated to him, when he gave the order for the goods in question:

"I want you to make another lot of goods, the same as you made last."

It was therefore relevant and material to ascertain just what kind of goods the defendants had theretofore ordered from the plaintiff, whether domestic or imported, and the price paid therefor.

The judgment should therefore be affirmed, with costs. All concur.