an order to show cause, for the examination of the plaintiff before trial. The motion was granted, and plaintiff appeals.

There seems to be a growing tendency in favor of such examinations, to the end that justice may be promoted by preventing surprises at the trial, and lessening, so far as possible, the expenses incident to it; but, in every case where such examinations are permitted, facts must be presented from which the court can see that the application is made in good faith, and that the proof of the facts concerning which the examination is desired would be admissible at the trial. Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846.

Here the papers upon which the order was granted permitting the examination are to the effect that the action was begun to recover a certain sum for services, and that the testimony of the plaintiff is "material and necessary" for the prosecution of the action by the defendant. Not a single fact is set forth showing how the testimony of the plaintiff will be "material and necessary," and, besides, the defendant will not have to prosecute the action. It is true the defendant states he intends to read the evidence upon the trial; but for what purpose does not appear, unless it be to show that the plaintiff cannot prove a cause of action. If this is the object, then the application is not made in good faith.

There is a further allegation in the moving papers that the testimony of the plaintiff is "material and necessary" for the prosecution of the action by the defendant, in order to prove that the plaintiff for a number of years has been and still is in the employ of the William Fox Amusement Company as its counsel, and that he is also the attorney and counsel for William Fox personally. Just what William Fox, or the William Fox Amusement Company, has to do with the issues involved in the subject-matter of this litigation, nowhere appears. Upon the issues as framed, it is sufficient that there is nothing in the record before us to indicate that the testimony of the plaintiff is material and necessary for the defendant, and for that reason the motion should have been denied.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the plaintiff before trial granted, with $10 costs. All concur.

---

### In re TOTTEN et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. HUSBAND AND WIFE (§ 19*)—MEDICAL SERVICES FURNISHED WIFE—LIABILITY OF HUSBAND.

The primary liability for medical treatment furnished a wife rests on her husband, and the wife is not personally liable, in the absence of a special agreement by her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 135; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. HUSBAND AND WIFE (§ 232*)—MEDICAL SERVICES FURNISHED WIFE—LIA-BILITY OF WIFE—CONTRACTS.**

Evidence *held* to show that a wife made a special agreement to pay for medical services rendered her, making her estate liable therefor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 848; Dec. Dig. § 232.*]

**3. EXECUTORS AND ADMINISTRATORS (§ 267*)—CLAIMS—INTEREST.**

Where the claim against a decedent's estate was unliquidated, and was for much too large a sum, the claimant was not entitled to interest.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1038; Dec. Dig. § 267.*]

Appeal from Surrogate's Court, New York County.

Proceedings by Wallace E. Brown to establish a claim against the estate of Sarah B. Totten, deceased. From so much of the decree of the Surrogate's Court as sustained the exceptions of William H. B. Totten and others, as executors of the decedent, to the report of the referee, and as reversed the report and disallowed the claim of claimant, and adjudging costs to him, he appeals. Reversed, and proceedings remitted.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Duncan Edwards, for appellant.

Thomas F. Keogh, for respondents.

SCOTT, J. This is an appeal from so much of a decree of the Surrogate's Court as rejects a claim against the estate of the testatrix and charges the cost of resisting the claim upon the claimant. This is a claim for board at a sanitorium and for medical services. The claimant, Wallace E. Brown, was a physician, specializing in cases of cancer, and maintaining a sanitorium in Massachusetts. Decedent was a lady with a separate estate of about $20,000 and an annual income of about $12,000. She was afflicted with what was believed to be cancer in the breast, and after treatment by her family physician decided to go to claimant's sanitorium for treatment. She went twice. On the first occasion it is conceded that she paid her own board. The present claim is in part for board on her second visit, and in part for professional services.

The amount is not seriously questioned. The only question is whether she contracted the indebtedness, or her husband did. He is president of a savings bank, with a salary of $5,000 per annum, and as against him the statute of limitation has run. There is no doubt of the rule that the primary liability for medical treatment furnished to a wife rests upon her husband, and that the wife is not personally liable therefor, in the absence of a special agreement by her to make herself responsible. Such an agreement, however, need not be shown by direct evidence, but may be found upon evidence of surrounding circumstances, including acts after the service, indicating an acknowledgment of liability for the service. In the present case decedent's husband accompanied her to claimant's sanitorium and made arrangements

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r·Indexes

for the price to be paid for board. The husband says that he made these arrangements "acting for" his wife.

We do not attach as much importance to this as appellant does; but it has some significance, in view of the fact that the wife herself actually paid the board thus arranged for. The most significant evidence, however, is as to the wife's subsequent recognition of her liability. On September 12, 1903, claimant sent decedent a bill, in her name, for his services. To this she replied in a letter written by her husband, but in her name and by her authority, demurring at the amount of the bill, but expressing a willingness to pay a fair compensation. To this claimant replied, expressing a willingness to satisfy her as to amount, but requesting a payment of $100 "on account, thus protecting his rights." Thereupon she did send him her check for $100. All this seems to us to indicate a recognition by the decedent of the fact that she was personally indebted to claimant, and sufficiently establishes the claim.

The claimant asks for interest. The claim was unliquidated, and, as now appears, was for much too large a sum. We do not think that interest should be allowed.

The decree, in so far as appealed from, must be reversed, and the proceeding remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion. All concur.

---

### SNYDER v. NEW YORK PRESS CO., Limited.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

LIBEL AND SLANDER (§ 16*)—NEWSPAPER ARTICLE—HOLDING UP TO RIDICULE.
    A newspaper article, stating falsely that an Irish maid permitted a process server to see her mistress while in the bath tub, on his statement that she would be glad to see him, and that on entering the bath room the mistress screamed, but that nevertheless he served a subpœna, etc., is libelous as holding her up to ridicule and lowering her character in the estimation of the community, since an article may be libelous, though it does not impute immoral conduct.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 1; Dec. Dig. § 16.*]

Appeal from Special Term, New York County.

Action by Emilie Snyder against the New York Press Company, Limited. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The plaintiff sued for the publication by the defendant of the following article concerning her:

Court Hears How Woman in Bath Tub Got Subpœna.

Process Server Just Walked in to Hand Papers to Her.

Her Screams Drove him Out.

Naïve Maid Responsible for Embarrassing Situation of Realty Man's Wife.

An Irish maid's mistake, it was brought out yesterday in the City Court before Judge La Fetra, put Mrs. Herbert R. Snyder, wife of a realty man of No. 312 West 109th Street in an embarrassing situation several days ago.

---