SPECKMANN v. FOOTE.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

1. HUSBAND AND WIFE (§ 19*)—LIABILITIES—NECESSARIES—WIFE'S AGREE-MENT TO CHARGE HERSELF.

A wife may, by an agreement to that effect, charge herself personal-ly for necessaries purchased by her for the family, while living with her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121-138; Dec. Dig. § 19.*]

2. HUSBAND AND WIFE (§ 23¾*)—LIABILITIES—NECESSARIES—WIFE AS HUS-BAND'S AGENT.

Where a married woman, living with her husband, ordered groceries at plaintiff's store, which were delivered to her home, and where bills were sent to her, and, on demand for payment, she told plaintiff he would have to wait, the presumption was that the purchases were made as the agent of the husband, and that he alone was liable.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 145, 146; Dec. Dig. § 23¾.*]

3. FRAUDS, STATUTE OF (§ 23*)—PROMISE TO PAY DEBT OF ANOTHER.

A married woman's promise to pay for necessaries purchased by her, and for which her husband was primarily liable, was, at most, an oral promise to pay the debt of another, within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 18, 19; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh Dis- trict.

Action by Albert Speckmann against Annie M. Foote. From a judgment in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before KAPPER, GARRETSON, and STAPLETON, JJ.

O'Neil & O'Neil, of Brooklyn, for appellant.
Arthur G. Schaffner, of Brooklyn, for respondent.

KAPPER, J. Plaintiff, a grocer, recovered a judgment against the defendant, a married woman, for $49.90, for groceries alleged to have been sold to the defendant. Defendant lived with her husband.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

.and children, and the plaintiff during the times of the sales knew this fact. Plaintiff claims, however, that the defendant charged herself personally with these purchases, and that, therefore, the judgment was right.

[1, 2] Where a married woman, living with her husband and children, purchases necessaries for the family use, the presumption is that the purchases were made as the agent of the husband, and that he alone is liable. The wife may, however, by an agreement to that effect, charge herself personally for necessaries purchased by her for the family while living with her husband. Valois v. Gardner, 122 App. Div. 245, 106 N. Y. Supp. 808. In the case cited, the plaintiff testified that he sold and delivered meats to the defendant at various times, that at different dates she made payments, and that the goods were all charged to her and not to her husband. But the evidence that the defendant charged herself personally with the account was held insufficient to make out that fact, and the plaintiff was denied a recovery. The case at bar is not as strong for plaintiff. The only proof seeking to hold the defendant was that she came to the plaintiff's store and ordered groceries, that they were delivered to her home, that the bills were sent to her, and that, subsequent to the sending of the bills, the plaintiff, on asking defendant for payment, testified:

"She says she ain't got no money yet; I have to wait."

[3] A promise on the part of the defendant to pay, made after the debt was incurred, which is the most that can be said of the testimony, was, at best, an oral promise to pay the debt of another, her husband, whom, as we have seen, was primarily liable.

Judgment reversed, and a new trial ordered; costs to abide the event.

GARRETSON and STAPLETON, JJ., concur.