(84 Misc. Rep. 396)

## BACCARIA v. LANDERS.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. SALES (§ 87*)—CONSTRUCTION OF CONTRACT—TIME OF PAYMENT.
   Where no time of payment for goods sold is fixed in the contract, the law presumes that payment was to be made upon delivery, and not that it was to be made at the buyer's convenience.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 239–247, 1046; Dec. Dig. § 87.*]

2. HUSBAND AND WIFE (§ 19*)—MUTUAL RIGHTS, DUTIES, AND LIABILITIES—NECESSARIES.
   Where goods furnished a wife were necessaries, in the absence of any contract that she alone should be liable and of proof that the husband had already supplied similar articles, or notified the seller not to give credit to her, the presumption is that she contracted as agent for her husband, and he is liable therefor, though the goods were ordered by the wife and the bill was sent to her.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.*]

3. ACCORD AND SATISFACTION (§ 7*)—PART PAYMENT—IN GENERAL.
   The rule that where a liquidated sum is due the payment of part only, although accepted in satisfaction, is not, for want of consideration, a discharge of the entire indebtedness, is confined strictly to cases falling within the rule.
   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 46–58, 66, 94, 95; Dec. Dig. § 7.*]

4. ACCORD AND SATISFACTION (§ 11*)—PART PAYMENT—CONSIDERATION.
   Where there was no dispute as to the amount due, the debtor merely asking for a discount of 20 per cent. for immediate payment, although payment was already due, the acceptance by the creditor of a check for a sum less than the amount due, marked "In full of all demands to date," did not bar recovery of the balance due, the agreement to take less than what was due being without consideration and void.
   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Theresa L. De Villiers Baccaria against George M. Landers. From a judgment for defendant, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Louis J. Gold, of New York City, for appellant.
Clarence K. McGuire, of New York City, for respondent.

SEABURY, J. This action was brought to recover $223.40, an alleged balance of an account claimed to be due for goods sold and delivered. It appears that the goods sold and delivered were ordered by

the defendant's wife; that they were originally charged to the defendant's wife; that they were necessaries according to the circumstances and station in life of the defendant; and that the defendant and his wife were living together during the period the goods were sold and delivered. The goods were shown to be of the reasonable value of $1,112, of which amount the defendant paid $889.60, giving his check, with a statement thereon that the payment was "In full of all demands to date." The court below gave judgment for the defendant on the ground that there was no express agreement as to when the goods sold should be paid for, and therefore they were to be paid for at the customer's convenience.

[1] The ground upon which the court below rendered judgment for the defendant was incorrect. No time of payment being fixed in the contract for payment of the goods sold, the law presumes that payment was to be made upon delivery. Mount v. Lyon, 49 N. Y. 552; 35 Cyc. 264.

[2] The mere fact that the defendant's wife ordered the goods, and that the plaintiff sent a bill for the goods to the defendant's wife, did not relieve the defendant from liability. The goods sold were necessaries, and, in the absence of any contract on the part of the wife that she alone should be liable for them, and in the absence of proof that the husband had already supplied his wife with articles of the same character as those purchased, or had notified the tradesman not to give credit to her, the presumption is that she contracted as agent for her husband, and that he is liable for the debt. Speckmann v. Foote, 138 N. Y. Supp. 380; Wanamaker v. Weaver, 176 N. Y. 75, 83, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Rosenfeld v. Peck, 149 App. Div. 663, 134 N. Y. Supp. 392.

[3] The claim of the respondent that because the last payment was made "in full of all demands to date" there was an accord and satisfaction is not tenable, in view of the fact that the amount of the debt was not the subject of dispute. While the rule that where a liquidated sum is due, the payment of part only, although accepted in satisfaction, is not, for want of consideration, a discharge of the entire indebtedness, is not looked upon with favor, and is confined strictly to cases falling within it (Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102; affirmed 178 N. Y. 562, 70 N. E. 1101), yet where the case does come strictly within the rule, that rule must be applied.

In Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986, the court said:

"It is only in cases where a dispute has arisen between the parties as to the amount due and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check."

[4] In the present case there was no dispute as to the amount due. When the plaintiff demanded payment the defendant, instead of disputing the claim, wrote the plaintiff as follows:

"If you are badly in need of money you will probably be willing to accept a discount of say 20% and if this will help you out and you advise me immedi-

ately on receipt of this letter to that effect, I will see that you have a check for your account in full less 20% * * * otherwise I regret that your account must take its usual course."

The present case, therefore, falls clearly within the rule declared in Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710, where it was said—

"that a creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of larger amount; such an agreement being nudum pactum. But if there be any benefit, or even any legal possibility of benefit, to the creditor thrown in, that additional weight will turn the scale, and render the consideration sufficient to support the agreement."

The agreement of the plaintiff to accept a part of the debt "in full of all demands to date" was without consideration and void.

The facts of the case being undisputed, and the defendant having failed to establish any defense to the plaintiff's claim, it follows that the judgment should be reversed, with costs to the appellant, and the judgment should be awarded to the plaintiff for $222.40, with interest, together with the costs in the court below. All concur.