MAY et al. v. JOSIAS.

(Supreme Court, Appellate Term, First Department. June 29, 1916.)

1. HUSBAND AND WIFE ☞19(13)—NECESSARIES—HUSBAND'S LIABILITY.

Where a dress furnished by plaintiff to defendant, a married woman, was a necessary, in the absence of any contract on her part that she alone would be liable, or of proof that her husband had already supplied her with an article of the same character or the cash to pay for it, or had notified the plaintiff not to give her credit, the presumption was that she contracted as agent for him, and that he was liable therefor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 133, 142, 146; Dec. Dig. ☞19(13).]

2. HUSBAND AND WIFE ☞229(4)—GOODS FURNISHED WIFE—ACTION—PLEADING.

In an action to recover the price of a dress furnished, where it appeared, when plaintiff closed his case, that defendant was a married woman living with her husband, no question of pleading of coverture as a defense was presented.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 829–834, 840, 979; Dec. Dig. ☞229(4).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary May and others against Blanche Josias. From a judgment in favor of the plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Newborg & Callan, of New York City (Sidney Newborg, of New York City, of counsel), for appellant.

Arthur L. Fullman, of New York City (James E. Sterritt, of New York City, of counsel), for respondents.

GUY, J. [1] In this action to recover the agreed price of a dress furnished by plaintiffs to defendant the plaintiffs gave evidence in support of the alleged cause of action, and it also appeared as a part of their case that the defendant was a married woman living with her husband. Defendant's counsel thereupon moved to dismiss the complaint on the ground that the presumption is that defendant's husband, and not the wife, is responsible; but the court denied the motion and granted judgment for plaintiffs.

This ruling was wrong. Apparently the dress was a necessary; and in such case, in the absence of any contract on the part of the defendant that she alone should be liable, or of proof that the husband

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

had already supplied her with an article of the same character, or the cash to pay for it, or had notified the plaintiffs not to give her credit, the presumption is that she contracted as agent for the husband and that he is liable for the debt. Baccaria v. Landers, 84 Misc. Rep. 396, 146 N. Y. Supp. 158; Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Matter of Totten, 137 App. Div. 273, 121 N. Y. Supp. 942.

[2] Respondents claim that the judgment should be affirmed because the defense of coverture was not pleaded; but there is no question of pleading presented, for, as before stated, it appeared, when plaintiffs closed their case, that the defendant was a married woman living with her husband.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.