WILLIAM J. DAWSON, Respondent, v. JOEL J. GREENBERG et al., Appellants.— Appeal from an order of the County Court of Albany County denying a motion by the defendants (1) to dismiss the complaint for legal insufficiency and (2) to require the plaintiff to separately state and number his causes of action. The defendants are husband and wife. The complaint alleges that the plaintiff is a private detective and investigator and that he had performed " good and valuable professional services " as such, at the special instance and request of the defendant wife, and " that said services were necessaries furnished to the said defendant [wife] and for which the defendant [husband], as her husband, and the defendant [wife] personally, are both legally and lawfully responsible " and that the services were of the " agreed price and reasonable value of $1,050.00 ". The motion to dismiss should have been granted. A husband cannot be held liable for detective services rendered at the request of the wife in preparation for an action of divorce but he may be held liable for services in connection with a separation action, if the services were necessary " to protect the interests of the wife " (*Lanyon's Detective Agency* v. *Cochrane*, 240 N. Y. 274, 277). In view of this holding, the complaint must specify the nature of the services to a sufficient degree to demonstrate that they may be found by the trier of the facts to fall within the rule allowing recovery. In these circumstances, the bare allegation of the complaint that the services were " necessaries " must be treated as a mere conclusion of law without factual support in the pleading. The complaint should also have been dismissed as against the wife. A wife cannot be held personally liable

for necessaries chargeable against her husband, in the absence of a special agreement to be liable therefor personally or to become a surety or guarantor for her husband (*Matter of Totten*, 137 App. Div. 273; Ann. 15 A. L. R. 833). Of course, if it should ultimately be found that the services were not necessaries, the wife could be held personally liable either upon the basis of a personal engagement to pay or upon the theory of a breach of her implied warranty of authority to contract the indebtedness on behalf of her husband. The plaintiff should be given leave to serve an amended complaint but the amended complaint should separately state and number the cause of action against the husband and that against the wife since they are based upon entirely separate theories. The order appealed from is reversed, with $10 costs to the appellants, and the motion to dismiss the complaint is granted, with leave to the plaintiff to serve an amended complaint, separately stating and numbering the causes of action against the defendants within 20 days after service of a copy of the order to be entered herein. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.