Joseph A. Cox, S.
The will of the testatrix bequeathed her husband a general legacy of $2,500 and named him as income beneficiary of a trust of one half of the residuary estate. The remaindermen of this trust are charities as also are the legatees of the remaining one half of the residuary estate. The husband filed objections to the probate of the will and challenged the bequests to charities as violative of section 17 of the Decedent Estate Law. Negotiations between the husband and the charities resulted in an agreement by the terms of which the husband withdrew his objections to probate, consented to the admission of the will to probate and renounced and released any and all rights granted to him by section 17 of the Decedent Estate Law. Five charitable organizations agreed, in the same instrument of settlement, that immediately upon the issuance of letters testamentary the executrix would pay to the husband the sum of $26,000. The agreement stated that ‘ ‘ except as in this stipulation and agreement provided, all of the provisions of aforesaid Will shall remain in full force and effect
The executrix now is accounting and has computed the amount of the husband’s trust in compliance with the provisions of the will and has deducted the $26,000 payment to the husband *592 from, the share of the residuary estate which, under the will, is payable to charities. Certain of the latter have objected to this allocation of the settlement figure and they assert that the payment to the husband under the settlement agreement should have been deducted, in the manner of an administration expense, from the full residuary estate prior to the computation of the amount of the residuary trust. The allocation for which the objecting charities contend would result in an equal apportionment of the settlement figure between the husband’s trust and the charities and the effect would be that the husband would be contributing, through loss of income, to the amount which he received in settlement of the contest. While an agreement of such type could have been reached, it certainly is not spelled out in the settlement stipulation and the settlement stipulation cannot be so construed by inference. The construction urged by the objectants fails to give effect to that portion of the stipulation which provides that the terms of the will shall remain effective. That provision means that the husband’s trust is to consist of “ one-half of the net estate after the deduction of debts, funeral and administration expenses ”. If the stipulation were to have the significance for which the objectants contend it would follow that all the general legatees would be required to contribute to the settlement and the failure to obtain their consents to the settlement was an omission. Of course, not even the objectants make this assertion, but their effort to impose part of the settlement price upon the husband is equally untenable. The conclusion must be reached that the charities, as principal beneficiaries under the will, considered it to their financial advantage to avoid both a contest of the will and a determination as to the applicability of section 17 of the Decedent Estate Law and, accordingly, they bought their peace from the funds bequeathed to them.
Another issue arises by reason of the rejection by the executrix of the claim of a surgeon who rendered services to the testatrix. The reasonable value of these services is not in dispute and the sole question is whether the liability therefor is that of the estate or of the decedent’s husband.
While the general rule is that a husband is liable for medical expenses incurred during his wife’s last illness, such obligation exists only to the extent that the expenses are commensurate with the means of the husband (Matter of Burt, 254 App. Div. 584) and such liability may be assumed by the wife in her lifetime (Matter of Totten, 137 App. Div. 273). In the instant case the decedent was a woman of some means while the husband’s resources were comparatively small and his income *593 was limited. The fact that is most decisive is that the testatrix not only contracted for the doctor’s services but personally paid other bills incurred during her illness. The facts bring the instant situation squarely within the Totten case and, accordingly, the claim is allowed against the estate.
Submit decree on notice.