S. Bernard Ross, Appellant, *v.* " Bud " Fisher, First Name Being Fictitious, etc., Respondent.

First Department, March 30, 1928.

**Husband and wife — liability of husband for medical services rendered to wife — no defense that alimony order was granted after services were rendered.**

It is not a defense in this action by the plaintiff to recover the reasonable value of medical services rendered to the defendant's wife that subsequent to the rendition of the services an order was made in a matrimonial action between defendant and his wife which awarded her alimony for a period antedating the making of the order and embracing the time during which the services were rendered.

APPEAL by the plaintiff from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 13th day of July, 1927, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of plaintiff, and dismissing the complaint.

*Milton C. Weisman,* for the appellant.

*Charles E. Kelley* of counsel [*Edward V. McKeown* with him on the brief; *Kelley & Becker,* attorneys], for the respondent.

PROSKAUER, J.   The appellant, a physician, recovered in the trial court a judgment for the reasonable value of medical services rendered to the defendant's wife.   The judgment has been reversed by the Appellate Term solely upon the ground that subsequent to the rendition of the services an order was made in the matrimonial action between the defendant and his wife awarding to the wife alimony for a period antedating the making of the order and embracing the period during which the services were rendered. We think the learned Appellate Term was in error in thus reversing the judgment.   When the services were rendered there was neither agreement nor decree relieving the husband from his conventional obligation to pay for necessaries furnished to his wife.   It is conceded that the wife had left her husband justifiably and he was primarily liable for these necessary medical services rendered to her.   (*Hatch* v. *Leonard,* 165 N. Y. 435; *Matter of Totten,* 137 App. Div. 273; *Ascher* v. *Ascher,* 213 id. 183.)   The liability of the defendant for these services became, therefore, prior to the entry of the order for alimony, a fixed, unconditional and absolute indebtedness.   The defendant could not escape the payment of this just debt to a third party merely because the court, as between him and his wife, made a determination as to the manner and amount of support to be furnished by him.   (*Lord* v. *Thompson,* 9 J. & S. 115; 1 Schouler Marr., Div., Sep. & Dom. Rel. [6th ed.] § 105; *Dowe* v. *Smith,* 11 Allen [Mass.], 107; *Mitchell* v. *Treanor,* 11 Ga. 324.)

The determination of the Appellate Term should be reversed, with costs to the appellant in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Determination of the Appellate Term reversed and judgment of the Municipal Court affirmed, with costs and disbursements to appellant in this court and in the Appellate Term.