MAYER ZAWADSKY, Plaintiff, *v.* GUSSIE ZAWADSKY, Defendant.

Supreme Court, Special Term, New York County, November 2, 1938.

*Jules Berg* [*Hyman J. Eisenberg* of counsel], for the plaintiff.

*Harry J. Cohen*, for the defendant.

LAUER, J. The complaint seeks a declaratory judgment to the effect that the defendant is not the plaintiff's wife, that no valid marriage was ever contracted by them, and that the children are, nevertheless, legitimate.

The pleading, however, alleges definitely that " no marriage was ever contracted between plaintiff and defendant, either ceremonial or by implication." If this be so, the mere cohabitation of the parties obviously could not give rise to a relationship of husband and wife and the children would be illegitimate. The mere fact that the defendant may be holding herself out as the wife of the plaintiff is insufficient basis for the court's assuming jurisdiction to render a declaratory judgment. In *Somberg* v. *Somberg* (263 N. Y. 1) the Court of Appeals held that an action for a declaratory judgment would not lie merely to suppress false rumors as to the plaintiff's status as the wife, particularly where the necessary corollary would be that the defendant's child was illegitimate. The court distinguished cases where by reason of an invalid foreign decree, doubt was cast upon the plaintiff's marital status. It said (at p. 4): " On the contrary, the plaintiff herself alleges that no decree divorcing the parties has ever been granted. That the husband has been divorced from the plaintiff and been married to the woman with whom he now lives is merely the idle talk of acquaintances. Generally speaking, courts do not function to declare the truth or falsity of statements set in motion by rumor. * * * ' Where there is no necessity for resorting to declaratory judgment, it should not be employed.' * * * The plaintiff's status, as the wife of Joseph S. Somberg, is secure. If rumor casts doubt upon it, no declaration by the court that it is false will be useful to suppress it."

In the case at bar the allegations of the complaint itself are definitely to the effect that there is no basis for the defendant's representations that she is the wife of the plaintiff. Under the circumstances, the only purpose of the suit is to dispel allegedly false rumors and the result of the action may be, if the plaintiff

succeeds in establishing the allegations of the complaint, that the children will be declared illegitimate, despite the prayer for a contrary relief.

As a motion of this character searches the record, and as a bad defense is good to a bad complaint, the motion to dismiss the defenses is denied. As plaintiff's motion also seeks judgment on the pleadings under rule 112 of the Rules of Civil Practice, the complaint will be dismissed, that rule providing: " If either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion." The plaintiff may amend within twenty days from the service of a copy of this order with notice of entry, upon payment of ten dollars costs within the same period.