SOPHIE SAXON, Plaintiff, *v.* JOHN SAXON, Defendant.

Supreme Court, Special Term, New York County, June 25, 1942.

*Grodner & Tonelson,* for the plaintiff.

*Walter J. Hampton, Jr.,* for the defendant.

EDER, J. This is a motion for an order dismissing the counterclaim contained in the answer, made pursuant to subdivision 4 of rule 109 of the Rules of Civil Practice, on the ground that it appears on the face of the counterclaim that the counterclaim is not one which may be properly interposed in this action for the reason that the action herein is on contract and the counterclaim " does not arise out of the transaction set forth as the foundation of the plaintiff's claim and is not connected with the subject of the action."

Plaintiff is the wife of the defendant. The action is to recover for expenses for necessaries which the plaintiff incurred by reason of illness and which necessaries the defendant failed to supply.

The answer, after tendering the general issue, sets up a first separate defense that prior to and at the time the plaintiff procured the necessaries alleged by her, she and the defendant were living separate and apart and that defendant supplied the plaintiff with moneys sufficient to provide her with necessaries of which she had notice.

As and for a second defense and counterclaim the defendant demands judgment against the plaintiff in the sum of $3,000 by reason of the conversion by her of certain personal property owned by the defendant.

It is my opinion that the counterclaim is maintainable.

Section 266 of the Civil Practice Act was added by chapter 324 of the Laws of 1936, and the former section, which contained language similar to that stated in the notice of motion herein as the basis of the instant application, was repealed. The new section did away with the limitation previously existing, and now reads as follows: " A counterclaim may be *any* cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom a plaintiff represents or a plaintiff and another person or persons alleged to be liable."

The plaintiff argues that while the new section permits the parties to an action to litigate between themselves any and all claims which they may possess or acquire against each other up to the time of trial, yet, despite that, there is nothing to indicate that the Legislature intended, in an action brought by a wife against a husband for necessaries, to permit and give latitude to the husband to interpose a counterclaim of the nature as herein pleaded. It is contended that to permit such a counterclaim would tend to defeat the liabilities of a husband imposed by section 51 of the Domestic Relations Law, in the construction of which it is held that the common-law duty of a husband to support his wife has not been changed by legislation relating to married women and that he is liable for necessaries.

From this premise it is contended that it is logical to assume that the new section 266 was not intended as a weapon to be used by the husband in defeating a claim for necessaries by interposing a counterclaim in tort to an action in contract; that by fair construction it must be held that matrimonial counterclaims are only those governed by section 1168 of the Civil Practice Act, involving an action for divorce, separation or annulment, and that in an action between husband and wife involving any other cause of action no counterclaim may be introduced. In support of the point made, *Zawadsky* v. *Zawadsky* (169 Misc. 404, 406) is relied on.

I am unable to accept the view there expressed. If it was the intention of the Legislature to restrict counterclaims in actions between husband and wife to those mentioned in section 1168 language expressing such an intention could readily have been employed, and this is as much so with respect to new section 266. *Bricken Construction Corp.* v. *Cushman* (163 Misc. 371) impresses me as more correctly indicating the legislative intent.

The new section 266 is remedial legislation. By its enactment remedies were made available not theretofore existing. The language is broad and all-embracing — " any " cause of action. Remedial statutes should receive liberal construction to give effect to the intention of the lawmakers to carry out the reforms intended to be accomplished and promote justice. (*Matter of Greenberg*, 261 N. Y. 474; *Ginsberg Realty Co., Inc.*, v. *Greenstein*, 157 Misc. 148; affd., 158 id. 473.)

Considering the radical change wrought by the enactment of section 266 and bearing in mind the rule of statutory construction relating to remedial statutes, it is my conclusion that the counterclaim here interposed is maintainable and the motion to dismiss it is accordingly denied. Settle order.