MAX GRUSKOFF, Respondent, v. LILLIAN GRUSKOFF, Appellant.— In an action for divorce, interlocutory judgment, insofar as appealed from, reversed on the facts and new trial granted, with costs to appellant to abide the event. In the interests of justice a new trial should be had. Upon the new trial the alleged newly discovered evidence may be submitted. For the purpose of the new trial all findings of fact are reversed and conclusions of law disapproved. Appeal from an order denying defendant's motion for a new trial and from an order denying her motion for reargument, dismissed, without costs. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

ELEANOR E. HAUBRICH, Appellant, v. WILLIAM J. HAUBRICH, Respondent.— Plaintiff in this action has secured judgment for absolute divorce. Prior to bringing the action plaintiff and defendant were the owners of two joint bank accounts, one for $300 and one for about $600. About a year prior to the beginning of the action defendant withdrew all the money from the $300 account and a few days before the divorce action was commenced plaintiff withdrew all the money from the $600 account. The judgment of divorce provided that defendant was to pay plaintiff eight dollars a week alimony. The alimony was not paid and, when it had accrued to the amount of $232, a money judgment was entered against defendant on plaintiff's motion. Thereafter and by February 14, 1943 (on which date plaintiff remarried), in addition to the judgment of $232, there was due and owing to plaintiff for unpaid alimony an additional $232, not yet reduced to judgment. Defendant then moved for an order directing plaintiff to satisfy the $232 judgment on the ground that he was entitled to one half of the $600 bank account. His claim as to any ownership in this bank account is disputed by plaintiff. Special Term made an order referring the issues of fact raised by the moving and opposing affidavits, and the question as to whether or not there was any alimony due plaintiff, in addition to the judgment, to an Official Referee to take testimony and to report. From such order plaintiff appeals. The appeal is dismissed, without costs, because the order is not appealable. (*Matter of Greenwald* [*United Kitchen Equipment Co.*], 248 App. Div. 904; *Luttenberger* v. *Alpert Woodworking Corp.*, 252 App. Div. 862; *Warshow* v. *Herron*, 254 App. Div. 699; *Carretta* v. *Evans*, 254 App. Div. 773; *Manufacturers Trust Co.* v. *Madgo Realty Corp.*, 256 App. Div. 954; and *Drivas* v. *Lekas*, 265 App. Div. 818.) The order is not in proper form so that the question of the power of the court to adopt this particular procedure can be raised. The practice is improper. Assuming the defendant's claim to be valid, which is disputed, his position is similar to that of any other creditor and, as his claim arose prior to the judgment of divorce, he may not satisfy the claim out of alimony. (*Romaine* v. *Chauncey*, 129 N. Y. 566; Civ. Prac. Act, § 792.) Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [180 Misc. 735.]