ANITA DORFMAN, Plaintiff, *v.* GEORGE DORFMAN, Defendant.

Supreme Court, Special Term, Kings County, December 20, 1947.

*Milton Sparaga* for plaintiff.

*Schlesinger & Krinsky* for defendant.

FROESSEL, J. In an action by the wife against her husband to recover the sum of $4,750, the alleged reasonable value of necessaries which she herself furnished between November, 1946, and June, 1947, because the defendant breached his obligation to provide them, the latter in his answer has interposed two counterclaims, seeking a recovery from the plaintiff for the conversion by her of certain personal property owned by the defendant, consisting of Government Bonds, Series E, and household furniture and equipment. By way of partial defense, he has alleged that the plaintiff commenced an action in this court on or about January 9, 1947, for a separation against him, the complaint in which alleged, among other things, that since on or about November 15, 1946, he had absolutely failed and refused to make any contribution whatever for the support and maintenance of the plaintiff; that in said action she requested that alimony commence as of January 9, 1947, the date of the institution thereof; and that the court directed the payment of alimony as

of June 25, 1947. He further alleges that a substantial portion of the expenditures made by the plaintiff, as alleged in the complaint, were made subsequent to January 9, 1947.

The plaintiff has now moved, pursuant to rule 109 of the Rules of Civil Practice, to dismiss the partial defense for legal insufficiency (subd. 6), and the two counterclaims upon the ground that they may not properly be interposed in the action (subd. 4).

The motion is granted as to the partial defense. The award of alimony fixed the measure of the wife's right to support and of her husband's obligation therefor (*Dravecka* v. *Richard,* 267 N. Y. 180; *Elder* v. *Rosenwasser,* 238 N. Y. 427; *Turner* v. *Woolworth,* 221 N. Y. 425; *Karminski* v. *Karminski,* 260 App. Div. 491), but the wife was not thereby deprived of redress for reasonable necessaries expended prior to the effective date of the alimony awarded by the court. (*Elder* v. *Rosenwasser, supra,* p. 432; *Boller* v. *Crider,* 31 N. Y. S. 2d 987.)

The motion to strike out the counterclaim is denied. While a husband is not permitted to set off against the alimony which he is obligated to pay to his wife any claim or debt which she may owe him (*Romaine* v. *Chauncey,* 129 N. Y. 566; *Haubrich* v. *Haubrich,* 267 App. Div. 872), necessaries sought to be recovered by a wife, or by a stranger who furnished them to her, are not the same as alimony which the courts have jurisdiction to grant only as an incident to a matrimonial action. (*Ramsden* v. *Ramsden,* 91 N. Y. 281; *Johnson* v. *Johnson,* 206 N. Y. 561; *Matter of Robinson,* 271 App. Div. 98.) Necessaries are recoverable upon a promise to pay which the law implies from the legal obligation of the husband to furnish his wife and children with the necessities of life suitable to their condition. (*De Brauwere* v. *De Brauwere,* 203 N. Y. 460; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380, 385–386.) In such an action, it is proper for the husband to interpose counterclaims of the nature here challenged. (*Saxon* v. *Saxon,* 178 Misc. 781.) Section 266 of the Civil Practice Act (L. 1936, ch. 324) is sufficiently broad to permit the interposition of such counterclaims.

Settle order on notice.