STAR VACUUM STORES, INC., Plaintiff, *v.* JOSEPH BISSLESSI, Defendant.

Municipal Court of the City of Syracuse, August 20, 1948.

*1. Gerald Pliskin* for plaintiff.

*Nathan H. Blitman* for defendant.

SKERRITT, J. This is an action to recover the unpaid balance on a contract for the sale of a vacuum cleaner. The contract was signed by defendant's wife in the presence of her husband, who took no part in the transaction. The question is whether he is liable on her contract.

There is little dispute about the facts. Plaintiff's salesman called at defendant's home, talked with the wife, demonstrated the cleaner to her, sold it to her for $85, and obtained her signature, " Mrs. J. Bisslessi ", on the usual conditional sales contract, with a down payment of $30. The defendant, who operates a small business and understands the English language, was present and heard what was said, but did not examine the cleaner or the contract, and made no comment. A week later, however, when his wife regretted her purchase, he took her to the plaintiff's store where she asked to have her money refunded. Plaintiff refused, so she kept the cleaner, but made no further payment. Again the defendant was present, said nothing, and left the business to his wife. They are living together. She has no money or property of her own. He supports the family and gives her a reasonable weekly allowance for all household expenses. From this fund she made the down payment. Plaintiff has had no previous transaction with either of them.

Plaintiff claims that credit was extended to defendant; that the wife merely acted as his agent; that the cleaner was a necessary; that defendant by his conduct has ratified her purchase; and that by being present and remaining silent he is estopped from denying liability. Defendant argues that this sale was made to his wife, and that credit was extended to her alone; that he neither authorized nor ratified her contract; that he is not estopped by silence; and that, since he was not in any way a party to this contract, he is protected by the admitted fact that he was furnishing his wife with necessaries, or the money to buy them.

As to the extension of credit, this is a question of fact on which plaintiff had the burden of proof. The bookkeeper was not called, nor any other office employee. Plaintiff relied principally on the salesman above mentioned, who had little knowledge of the records or credit. Notwithstanding the credit card in defendant's name, I am not satisfied with this evidence. And

as to the wife's signature, " Mrs. J. Bisslessi ", this carries no inference that the sale should be charged to her husband. It has been held that the use of the prefix " Mrs. ", before the husband's name, indicates that the sale should be charged to the wife. (*Bendel, Inc., v. Edeson,* 125 Misc. 433.)

In view of the evidence, including the written contract, I think this sale was made to the wife; that she acted for herself, and not as agent for her husband; and that credit should have been and was extended to her alone. Consequently, assuming that the cleaner was a necessary, the defendant is not liable. It is well settled that a husband living with his wife is not liable for necessaries furnished to her on her credit exclusively, though he knew of the purchase and saw her in possession of the articles. (*Wickstrom* v. *Peck,* 179 App. Div. 855.) In *Tiemeyer* v. *Turnquist* (85 N. Y. 516) a wife, living with her husband, was held liable on her contract for groceries used by her husband and family. The court said, page 522: " If she buys on her own account she must expect to be herself liable for the price." (See, also, *Valois* v. *Gardner,* 122 App. Div. 245; *Matter of Totten,* 137 App. Div. 273; and section 55 of the Domestic Relations Law, which provides that as a general rule a contract made by a married woman does not bind her husband.)

But even if plaintiff did extend credit to this defendant, and assuming that the cleaner was a necessary, on which there was no evidence, still the defendant would not be liable where plaintiff had not previously extended credit to him, since in my opinion he did not authorize nor ratify this sale, and was furnishing his wife with necessaries at the time. (*Wanamaker* v. *Weaver,* 176 N. Y. 75; *Oatman* v. *Watrous,* 120 App. Div. 66.) In the *Wanamaker* case (*supra,* p. 82) the court said, quoting from Schouler on Husband and Wife: " ' In general, while the spouses live together, a husband who supplies his wife with necessaries * * * is not liable to others for debts contracted by her on such an account without his previous authority or subsequent sanction.' "

As to the fact that defendant was present and remained silent in his home and at the store, he incurred no liability by silence when he was not consulted. (*Schwartz* v. *Cohn,* 129 N. Y. S. 464.) To raise an acceptance or estoppel by mere silence in this case there must have been a duty to speak, and failure to do so must have operated to mislead. (*Smith* v. *Vara,* 136 Misc. 500; *More* v. *New York Bowery Fire Ins. Co.,* 130 N. Y. 537; Clark's New York Law of Contracts, § 45, and cases cited.) In my opinion the

defendant was under no duty to speak, and his silence was not misleading. He had a right to keep still and let his wife do this business herself.

Judgment for defendant, with costs.