Charles A. Loreto, J.
After trial of this separation suit resulting in decision and final judgment in favor of the plaintiff, the then Trial Justice, Mr. Justice Stevens (having been elevated to the Appellate Division of the Supreme Court), made an order of reference to an Official Referee to take testimony and report with respect to defendant’s wealth and income, the standard of living of the parties, the legal services and disbursements necessary in the prosecution of plaintiff’s action. The order further directed that upon the coming in of the Referee’s report an order be made and entered granting to plaintiff, as she may be entitled, permanent alimony and support for herself and the two infant children of the parties, arrears of temporary alimony and reasonable counsel fee and disbursements, the same to be added to the foot of the final decree.
Plaintiff now moves by order to show cause for confirmation of so much of the Referee’s report as finds her entitled to temporary alimony and for disaffirmance or modification of the remaining findings of the Referee relating to the means of the defendant and the standard of living of the parties, also the necessary legal services rendered in behalf of the plaintiff and disbursements necessarily incurred in the prosecution of this cause. Plaintiff also seeks to punish defendant for contempt for his failure to make payment of temporary alimony and for a direction that plaintiff be permitted to proceed by plenary action on the surety’s arrest bond upon default of the defendant (now a nonresident of New York) in making substantial payment of the arrears of temporary alimony and counsel fees and in failing to submit his person to the jurisdiction of this court.
With respect to the last-mentioned relief sought; it appears that prior to the completion of the reference the defendant was arrested pursuant to an order of arrest and released upon the filing of a surety bond in the sum of $15,000 requiring him, according to its terms, to “ obey the direction of the court * * * or, in default of his so doing, that at all times he will render himself amenable to proceeding to punish him for the omission ”.
In view of the nature of the undertaking and the fact that the amount of arrears of alimony and counsel fees had not been determined before the making of this motion, plaintiff’s application to punish defendant for contempt and for permission to proceed against the surety on the bond is premature. It may properly be the subject of a further application should defendant fail to pay arrears of temporary alimony, counsel fees and *358 permanent alimony required to be paid upon the order to be entered hereon.
The defendant cross-move's for confirmation of so much of the Eeferee’s findings as relates to his financial means and overrules the claim for disbursements. In addition, he requests a modification of the counsel fee proposed and a retroactive reduction of temporary alimony together with a consequent retroactive reduction of the arrears of temporary alimony.
No transcript of the minutes of the hearings held before the Eeferee have been submitted on this application. The „ court confirms the findings of fact and recommendations set forth in the report of the experienced and wise Eeferee.
The Eeferee found that from January 1, 1952 to the date of his report, the defendant received from all sources the sum of $873,761.11 and that he expended during that time the sum of $753,953.48 by way of living expenses for himself and family and other accounted expenditures, having failed to prove the expenditure or other disposition of the difference between those two figures, to wit, the sum of $119,807.63. The Eeferee reported that from December 17, 1951 to January 1, 1956 the parties expended on the average $60,000 a year for living expenses.
The Eeferee reports: 1 ‘ The failure of the defendant to make this proof of his lavish expenditures and other disbursements and stock transactions is due to the fact that he kept no proper records. During the progress of the hearings he endeavored to obtain some evidence of additional expenditures but did not succeed in obtaining it. There is no proof upon which to base a finding or a presumption that the defendant now has or controls any balance of the sum of $873,761.11. The defendant testified that he has no property or assets of any kind or income except his weekly earnings of fifty dollars. If he has not testified truthfully, the plaintiff has not been able to offer any proof.”
Plaintiff’s attorneys want the court to hold the defendant chargeable with the amount not accounted for. They contend that he had the burden of proving its proper expenditure or disposition. Upon the evidence before him the Eeferee did not conclude that the defendant, was withholding or secreting any money or property. There is nothing before the court on this application to hold otherwise.
It would be manifestly unjust to decree now that the defendant husband must be held to the strict rule of accounting imposed upon an agent, trustee or one in a similar status, for those moneys which the parties during their cohabitation consumed with apparent abandon in living high. Those were their carefree and spendthrift years. They neither sowed nor spun; *359 nor had they a care for the morrow. He charges that she was responsible for their extravagant living. Whether that is so or not, she shared it.
The court cannot base its decision upon sheer speculation or the plaintiff’s suspicion that her husband has hidden substantial means to warrant granting to her the sum of $350 per week as permanent alimony and the sum of $30,000 as counsel fee. Nor can the court take into consideration, in fixing the counsel fee for legal services rendered on behalf of the wife in this separation suit, the claim, denied by the defendant, that he will inherit over one million dollars upon the death of his mother. At most, it is contingent, not present property of the defendant.
The unpleasant duty of the court, in this case is in fixing permanent alimony. The Referee has reported that since the separation the defendant has been employed at the salary of $50 per week as a customer’s man in a stock brokerage office in Philadelphia, that he lives in a rented room, has given up all prior social club memberships and has no property or money other than his weekly salary. It does not appear that he was ever gainfully employed prior to his separation or that he had prepared himself for any vocation or calling. It may be surmised that the plaintiff married him, not for his earning ability, but for his inherited wealth upon which they proposed to and did live. Now they must eat the bitter grapes of their frolics and folly.
A man, lacking other means, if physically and otherwise able, is under a moral obligation to work in order to provide for his family. And if opposing and refusing, he may be decreed to contribute for their support in a matrimonial suit in an amount based upon his reasonable potential earning capacity. The Referee has not reported that the defendant presently earns or can earn as salary more than the amount he declared. Since it is reported that the defendant’s mother is a wealthy woman and the existence of a natural affection between mother and son is not denied, she undoubtedly would provide for his needs under the present circumstances. Therefore, the court at this time awards as permanent alimony the sum of $50 per week for her support and the maintenance of their two children.
On the reference the parties stipulated that the arrears of temporary alimony are the sum of $2,997.72, subject to a reduction, if any, that the court may find the defendant is entitled to as offsets. The Referee made findings of fact in favor of plaintiff on the merits and stated that ‘ ‘ regardless of whether or not there is merit * * * the defendant is not entitled *360 to assert it against plaintiff’s right to temporary alimony or as damage for an alleged breach of an agreement on her part.” The Referee’s findings in this respect were proper. A husband may not set off against the alimony which he is obligated to pay his wife any debt or claim which she may owe him (Romaine v. Chauncey, 129 N. Y. 566; Haubrich v. Haubrich, 267 App. Div. 872; Dorfman v. Dorfman, 191 Misc. 227, 228 [Froessel, J.]).
The branch of defendant’s cross application for a reduction in temporary alimony is denied, since temporary alimony was recomputed to the date of the final judgment of separation upon the remission of the reference in that respect, pursuant to the order of the court dated September 14, 1959.
The motion and cross motion are disposed of in accordance with this opinion. Settle order.