CAROL PALMER, Plaintiff, *v.* RUSSELL I. PALMER, Defendant.

Supreme Court, Queens County, December 16, 1966.

*Harold Richman* for plaintiff. *Branch, Jefferson, Friedman, Van Voorhis & Wise* (*Joseph N. Darweesh* of counsel), for defendant.

SAMUEL S. TRIPP, Spec. Ref. This is a reference to hear and determine pursuant to an order made by Mr. Justice LATHAM on October 6, 1966 to which the attorneys for the respective parties appended their consent. (CPLR 4317, subd. [a]; *Halpin* v. *Marson,* 20 A D 2d 564, app. dsmd. 13 N Y 2d 1145.)

The plaintiff moved to docket a money judgment for arrears of alimony and child support allegedly due under a judgment of separation in her favor (Domestic Relations Law, § 244) and for expenses in bringing and carrying on the proceeding (*id.,* § 238). Said judgment directed defendant to pay the plaintiff $400 a month for her support and for the support, maintenance and education of their daughter, Deborah, born on September 13, 1955 payable $200 on the 1st and 15th of each and every month. The sum of $50 of these bimonthly payments

was allocated for the child's support and the balance for that of the plaintiff.

The plaintiff testified that according to her records the defendant had fallen in arrears in the total sum of $1,083 during the period between March 12, 1965 and October 5, 1966, inclusive, including a check for $150 that was dishonored for insufficient funds by the bank on which it was drawn by the defendant on September 15, 1966, of which dishonor plaintiff received a debit advice from her bank dated October 4, 1966. The defendant claimed, however, that he was otherwise current in the payments directed by the judgment. He relied upon an offset of $285 that he concededly paid directly for his daughter's 1965 camp expenses and upon stubs of postal money orders and copies of personal money orders drawn on Manufacturers Hanover Trust Company that the plaintiff denied receiving.

A husband may not set off against unpaid alimony and child support payable to his wife debts or claims owed him by her. (*Romaine* v. *Chauncey,* 129 N. Y. 566; *Haubrich* v. *Haubrich,* 267 App. Div. 872; *Vought* v. *Vought,* 22 Misc 2d 356; *Dorfman* v. *Dorfman,* 191 Misc. 227.) This rule applies with equal force to purchases or to payments made by the husband to third parties for the benefit of his wife or child for whose support a dollar amount was, as here, fixed in a matrimonial judgment or order (*Nicholas* v. *Nicholas,* N. Y. L. J., Oct. 21, 1965, p. 19, col. 7), at least without her *prior* consent that they be instead or on account of the amount fixed. Absent such consent payments of this character must be regarded in addition to, and not in lieu of, the support fixed by the court or, indeed, by a separation agreement. (See *Matthau* v. *Saroyan,* 23 A D 2d 329.) Since the plaintiff waived the foregoing rule, in this one instance the $285 camp expenses were allowed as an offset, leaving a balance of $648 of claimed arrears exclusive of the dishonored check of $150.

Defendant was afforded until December 15, 1966 to produce originals or photocopies of certain checks and money orders as proof of payment of the arrears of $648 if indorsed and collected by plaintiff. He succeeded in so doing to the extent of $645. Accordingly, the plaintiff's motion is granted, as to the balance of $3 plus the dishonored check of $150, making a total of $153, with interest from September 15, 1966, for which judgment is directed to be entered. A counsel fee of $50 is allowed to the plaintiff, payable within 10 days of the service upon defendant by certified mail of a copy of the order hereon with notice of entry.