ANGELINA AMPLO, Plaintiff, *v.* JOSEPH DI MAURO, Defendant.

District Court of Suffolk County, January 17, 1967.

*Niclos La Carrueba* for plaintiff. *Ingerman, Smith & Greenburg (Peter Dounias* of counsel), for defendant.

FRANK P. DE LUCA, J. Plaintiff has commenced two actions in the Small Claims Part. The first action was commenced on September 10, 1966 and the second action was commenced on November 17, 1966. Both causes of action are for room and board, care and medicine furnished and provided by the plaintiff, who is defendant's mother-in-law, to and for the defendant's wife. The first cause of action covers the period during which such room and board, care and medicine were provided, from July 29, 1966 to August 8, 1966, and the second cause of action covers the period from August 9, 1966 to August 16, 1966. Issue has been joined as to the first cause of action and the parties have submitted a stipulation of agreed statement of facts with regard thereto. As to the second cause of action, the defendant moves for an order pursuant to CPLR 3211 (subd. [a], par. 1) dismissing the cause of action on the grounds that the defense is founded upon documentary evidence. The plaintiff, by cross motion, seeks summary judgment as to both causes of action.

It appears that the defendant and his wife have lived separate and apart since June 29, 1966; that commencing July 7, 1966 the defendant placed a notice in a newspaper, the *Long Islander*, of no responsibility for his wife's debts, published for two weeks; that pursuant to a court order dated September 20, 1966,

for temporary alimony, issuing out of the Supreme Court pursuant to a separation action commenced and pending in that court, the defendant was required to pay his wife $35 per week commencing August 4, 1966, which defendant has paid.

The primary questions raised by defendant's motion are as follows:

1. Whether the court order, entered on September 20, 1966 requiring commencement of temporary alimony payments on August 4, 1966 bars plaintiff's second cause of action for necessaries furnished from August 9, 1966 to August 16, 1966.

2. Whether the notice of no responsibility bars plaintiff's second cause of action.

As to question No. 1:

In *Ross* v. *Fisher* (223 App. Div. 342 [1928]) the court held that an order awarding alimony, made subsequent to the time services constituting necessaries were rendered, did not affect the husband's liability, notwithstanding that the order embraced the period during which the services were rendered.

In *Boller* v. *Crider* (31 N. Y. S. 2d 987 [County Ct., 1941]) the court held that a husband, although liable for services rendered by a physician to the wife prior to entry of an order in the wife's action for separation allowing her counsel fees and alimony *pendente lite*, was not liable for such services rendered after the entry of the order, since the amount fixed by the court became the limit of the husband's obligation for the wife's support. The order in the *Boller* case was entered on January 5, 1939, requiring commencement of support payments on December 26, 1938.

In *Grishaver* v. *Grishaver* (225 N. Y. S. 2d 924 [Sup. Ct., 1961]) the court held that during the period the parties were separated and the defendant was remitting payments pursuant to an order for alimony *pendente lite*, the plaintiff wife could not recover for any expenditures made from her own funds during that period, irrespective of the nature of those expenditures, since the alimony award fixed the full measure of her right to support and the husband's obligation therefor, and the word support means "necessaries".

In *Dravecka* v. *Richard* (267 N. Y. 180 [1935]) the court applied the provisions of section 1169 of the Civil Practice Act, which are newly embodied in the Domestic Relations Law, part in section 236, part in section 237 and part in section 240. The Court of Appeals stated as follows (p. 183): "The wife chose the remedy given by statute [alimony *pendente lite*]. The amount fixed by the court became for the time being ' the measure of her rights and of her husband's obligations.'"

In *Dorfman* v. *Dorfman* (191 Misc. 227 [Sup. Ct., 1947]) the plaintiff wife commenced an action for necessaries furnished by herself between November, 1946 and June, 1947. Although the plaintiff in the separation action had requested that alimony commence as of January 9, 1947, the date the separation action was instituted, the court directed the payment of alimony as of June 25, 1947. The court held (p. 228) that the award of the alimony fixed the measure of the wife's right of support and of her husband's obligation therefor (citing *Dravecka* v. *Richard, supra*), but that " the wife was not thereby deprived of redress for reasonable necessaries expended prior to the effective date of the alimony awarded by the court ". (It is to be noted that the *Boller* case refers to a husband's liability for his wife's necessaries incurred before entry of an order awarding alimony, whereas the *Dorfman* case refers to the effective date of the alimony in determining the husband's liability.)

In *Schwartz* v. *Munitz* (28 Misc 2d 629 [1960]), the Appellate Term held that a husband was not liable for dental services rendered to a wife after entry of order for temporary alimony and support, citing *Boller* v. *Crider* (*supra*).

As to question No. 1, therefore, it is evident upon application of the holdings of *Ross* v. *Fisher, Boller* v. *Crider, Grishaver* v. *Grishaver*, and *Schwartz* v. *Munitz*, all cited above, that the Supreme Court order heretofore entered does not bar plaintiff's action for necessaries.

As to question No. 2, the notice alone claimed by the defendant does not absolve the husband of liability where the purchases are necessaries and the husband has not adequately provided for his wife under all circumstances. (*Bloomingdale Bros.* v. *Benjamin*, 200 Misc. 1108.)

Notice in the newspapers, or even a direct notice to a store-keeper, not to charge the husband with his wife's purchases does not ordinarily relieve the husband of his liability to provide her with necessaries. The rule is the same whether they are living together or apart. (*Gimbel Bros.* v. *Steinman*, 202 Misc. 858.)

Therefore defendant's motion to dismiss the causes of action on the grounds stated is denied.

Plaintiff's cross motion for summary judgment is denied due to the existence of triable issues of fact and the nonjoinder of issue as to the second cause of action. (CPLR 3212, subds. [a], [c].)

A husband is no longer liable for the support of his wife where she has abandoned him by departing from the home without just cause.

Where a husband and wife are living separate and apart because he has given her cause to leave him, as where it was impossible or unsafe for her to continue to live with him, his obligation to support his wife continues. (16 N. Y. Jur., Domestic Relations, § 549, p. 112.)

There can be no doubt that a husband is legally responsible for the medical, hospital and incidental expenses incurred during the illness of his wife, insofar as they are commensurate with his means. (*Matter of Burt*, 254 App. Div. 584; *Ross* v. *Fisher*, 223 App. Div. 342; *Matter of Rubin*, 30 Misc 2d 790.)

A husband is liable to a third person who furnishes necessaries to his wife when he has been derelict in his duty to provide her therewith or with sufficient funds to purchase them. The law implies an agency on the part of the wife to pledge her husband's credit for necessaries. However, the presumption that necessaries purchased by a married woman are purchased by her as agent of her husband is negated by the fact that they are living separate and apart. The liability of a husband for necessaries furnished his wife when he neglects or refuses to provide them may continue to exist after the spouses have separated voluntarily and by mutual consent, or through the fault or misconduct of the husband. However, a husband is not liable for necessaries furnished his wife when he neglects or refuses to provide them when such necessaries are furnished at a time when they are living separate and apart through her fault, as where she has deserted him without proper cause or has been guilty of adultery.

A person who furnished necessaries to a wife during a separation of spouses must have had an intent to charge them in order to be entitled to recover therefor; if he intended to make a gift he cannot later change his mind and hold the husband liable. In the case of *Taylor* v. *Brown* (195 Misc. 840) the wife's sister furnished necessaries to the wife as gifts and not with any intent to charge the husband for them, held: husband is not liable for them. (See 16 N. Y. Jur., Domestic Relations, §§ 644, 645, 646.)

As to burden of proof, in an action against a husband for necessaries furnished his wife living separate and apart, the plaintiff has the burden of proof of showing that the separation took place under such circumstances that the husband is liable for necessaries. Moreover, where the husband in such an action raises the issue that the separation came about through the fault of the wife, the plaintiff has the burden of proving the contrary. (16 N. Y. Jur., Domestic Relations, § 652, p. 204; *Matter of Finnegan*, 109 N. Y. S. 2d 210; *Gimbel Bros.* v. *Stein-*

*man*, 202 Misc. 858, *supra*; *Farquharson* v. *Brokaw*, 67 Misc. 277, affd. 142 App. Div. 898.)

The submitted facts are not sufficient to enable this court to enter judgment in the first cause of action, as they do not contain a showing as to the circumstances under which the husband and wife separated.