Raymond E. Aldrich, Jr., J.
Plaintiff, by its business manager, moves for an order pursuant to CPLR 3212 granting it summary judgment against the defendants in this action to recover moneys due for professional medical services rendered to defendant Nadine R.
The motion is opposed by defendant Nelson R. who avers that the medical services rendered by plaintiff consisted of providing an abortion for his wife, the same being obtained by her against his express wishes and directions and without his knowledge and consent; that she attempted to obtain such an abortion within Dutchess County but was unable to do so without his consent; and that he is opposed to abortion on both religious and moral grounds.
While the general rule in this State makes the husband liable for medical expenses incurred by a wife, the courts have also held that such medical expenses must be for an illness. (See, e.g., Amplo v Di Mauro, 52 Misc 2d 810; Matter of Rubin, 30 Misc 2d 790.) This limitation upon such liability is consistent with the concept of necessaries, namely, to provide the wife with those things necessary for her maintenance and existence in good health.
*254 Given the rule of liability of a husband for necessaries and the limited scope of what constitutes necessaries, it cannot be determined that plaintiff has met its burden of establishing that the services rendered constituted necessaries. There is no allegation that the abortion was necessary because of an illness which for medical reasons dictated the surgical procedure. Instead, as suggested by the affidavit of the defendant Nelson R, the abortion was performed as a birth preventive measure. Under such circumstances, plaintiff has not demonstrated that the services rendered were a necessary, and its motion for summary judgment is denied as against Nelson R.
Since defendant Nadine R. does not oppose the motion, summary judgment against her is granted.