■ HELENA A. WOOD, Respondent, v WALTER A. WOOD, Appellant.— Order and judgment, Supreme Court, New York County, entered April 21 and May 3, 1977, respectively, which granted the plaintiff's application to the extent of entering judgment for alimony arrears in the sum of $9,900 and for a counsel fee in the amount of $1,500, affirmed, without costs and disbursements. Defendant former husband puts in issue the rectitude of the plaintiff former wife's application for support arrears when he has an unsatisfied judgment against her for the sum of $54,903. On this record we conclude that Special Term correctly viewed this circumstance as no bar to plaintiff's application. The defendant may not offset that debt against the payment of alimony. Although defendant obtained judgment on his claim against plaintiff in 1971 subsequent to the 1964 judgment awarding alimony to the plaintiff (which judgment was modified by judgment entered January 27, 1966), his claim against plaintiff arose in 1962. As his claim arose prior to the judgment of divorce, he may not satisfy the claim out of alimony *(Romaine v Chauncey,* 129 NY 566; *Haubrich v Haubrich,* 267 App Div 872; *Palmer v Palmer,* 52 Misc 2d 610; *Vought v Vought,* 22 Misc 2d 356). The defendant may not ignore the alimony directions of plaintiff's judgment against him. Patently, his recourse is to seek modification of that judgment regarding alimony pursuant to section 236 of the Domestic Relations Law. Having chosen to date to ignore that procedure and to resort to a course of self-help, the exercise of discretion by Special Term under section 244 of the Domestic Relations Law in awarding plaintiff the amount of alimony arrears is supportable and must be affirmed *(Mittman v Mittman,* 30 AD2d 867). Under the circumstances here presented, the award of alimony arrears was not an abuse of discretion. Further, although the judgment in defendant's favor was obtained in 1971, he continued to make the required alimony payments until July, 1976. Concur—Lupiano, J. P., Evans and Markewich, JJ.; Capozzoli, J., dissents in the following memorandum: While I am mindful of the general rule which ordinarily does not permit a setoff against alimony due to a wife for her support, I am of the opinion that the facts in this case are such that an exception should be made to that rule to the extent of directing a hearing to determine the present need of the plaintiff. The judgment against her is for $54,903, in favor of defendant, and was granted for misappropriating property of the defendant, including works of art and other valuables. It should be noted that this plaintiff does not deny the assertions of the defendant that she resides in luxury on the French Riviera and that he has not collected any part of his judgment against her. If it is true that she did appropriate property of the defendant and the judgment against her was based on conversion, it would seem that it would be an injustice for a court of equity to grant her petition. On the other hand, if the hearing discloses that the plaintiff is in need of support, then it would be proper to direct the defendant to pay the back alimony. I do not agree that, because the defendant did not take steps to enforce his judgment before this time, he thereby forfeits his rights thereunder. It

should be remembered that this defendant claims that he was unable to locate this plaintiff until recently.