Our Lady of Lourdes Memorial Hospital, Inc., Appellant, v
Harriet Frey, Respondent.

Third Department, November 22, 1989

**APPEARANCES OF COUNSEL**

*Frederick W. Burr* for appellant.

*O'Connor & O'Connor (Donald J. O'Connor* of counsel), for respondent.

**OPINION OF THE COURT**

Harvey, J.

Defendant is the surviving spouse of decedent, Edward Frey,

to whom plaintiff rendered medical services prior to his death in July 1986. Decedent left no estate and apparently decedent's insurance companies have denied coverage as to the medical bills arising out of his treatment. Accordingly, plaintiff submitted to defendant over $15,000 in unpaid bills for services rendered to her husband. Defendant refused to pay and, thereafter, plaintiff commenced two suits seeking recovery on the basis of defendant's alleged statutory and common-law obligation to pay. Plaintiff subsequently moved before County Court for, *inter alia,* consolidation of the actions and defendant cross-moved for summary judgment dismissing the complaint. County Court granted both motions and plaintiff now appeals.

Plaintiff's sole argument on appeal is that County Court erred in holding that defendant did not have an obligation under the common-law doctrine of necessaries to pay for the services rendered to her husband. Defendant maintains that the common-law rule only requires a husband to pay for his wife's necessary support items. In any event, defendant argues that plaintiff's theory of recovery before County Court was based primarily on statutory authority and that plaintiff should not be allowed to utilize another theory of recovery on appeal.

Initially, we disagree with defendant that plaintiff failed to raise the issue of the common-law doctrine of necessaries as a theory of recovery in its pleadings. Both plaintiff's bill of particulars and affidavit in opposition to defendant's cross motion sufficiently raise this issue as is evidenced by the fact that County Court saw fit to rule on the issue.

Turning to the issue at hand, we note that plaintiff makes no constitutional challenge to the common-law doctrine of necessaries but argues only that this court should hold that the traditional doctrine should be expanded on policy grounds to impose a reciprocal obligation on both spouses, rather than solely imposing the obligation upon the husband which has been the traditional rule *(see,* 47 NY Jur 2d, Domestic Relations, § 662, at 65).

The doctrine itself stems from the common-law disability of a married woman to contract (47 NY Jur 2d, Domestic Relations, § 688, at 92) and comported from the traditional family structure of the husband as sole breadwinner and the wife as full-time homemaker *(see,* Mahoney, *Economic Sharing During Marriage: Equal Protection, Spousal Support and the Doctrine*

*of Necessaries,* 22 J Fam L 221, 225 [1983-1984]). Since the formation of this doctrine, however, great changes have been made in the status of the married woman, which resulted in the amendment of certain statutes in 1980 making New York's support statutes gender neutral *(see,* Domestic Relations Law § 32; Family Ct Act §§ 412, 413; *see also,* Domestic Relations Law § 50; General Obligations Law § 3-301). The legislative history of the present support statutes reveals that these changes were made primarily both as a matter of public policy and in order to comport with the requirements of the constitutional right to equal protection *(see generally,* Governor's Bill Jacket, L 1980, ch 281).

Given the policy behind these statutory amendments, the question now distills to whether the common-law doctrine of necessaries should be changed. The Court of Appeals in *Lichtman v Grossbard* (73 NY2d 792) recently declined to consider this issue because it was raised for the first time on appeal. The court specifically recognized that it expected an opportunity to rule on the issue in the future. It was noted in the decision, however, that Judges Hancock and Titone favored reaching the merits and effectuating a change in the rule; the former by expanding it, and the latter by abolishing it altogether as outdated *(supra,* at 795). It is our view, in keeping with that of Judge Hancock, that the doctrine should be expanded to impose a reciprocal obligation on both spouses because this would, *inter alia:* "reflect the modern view of marriage as an economic partnership, would be consistent with the policy underlying the current support laws and would continue to encourage retail consumer creditors to supply nonworking spouses with credit" *(supra,* at 795).

Our adoption of the view that the doctrine must be expanded, however, does not end our inquiry in this case. Under the traditional doctrine, a creditor seeking to recover from a husband necessaries furnished to a wife has the burden of proving that the necessaries were furnished on the credit of the husband *(see, Star Vacuum Stores v Bisslessi,* 192 Misc 807), although a presumption on that point does exist *(see, Saks & Co. v Nager,* 74 Misc 2d 855) in the creditor's favor *(see,* 47 NY Jur 2d, Domestic Relations, § 667, at 72). In addition, the doctrine also holds a husband legally responsible for the medical expenses of his wife only insofar as they are commensurate with his means *(see, Amplo v Di Mauro,* 52 Misc 2d 810, 813; 47 NY Jur 2d, Domestic Relations, § 696, at 102). We note that County Court never reached the issue as to

what extent plaintiff may have relied on defendant's credit in extending services to decedent. Defendant apparently argues that this presumption was rebutted by the fact that her husband was listed individually as "guarantor" on certain billing statements. This is a factual question to be resolved at trial. The record also lacks evidence as to defendant's financial status and her ability to pay the bill if required. Accordingly, the matter must be remitted to County Court for a resolution as to what extent, if any, defendant is liable for her husband's expenses.

CASEY, J. P., WEISS, LEVINE and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.