■ OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC., Appellant, v HARRIET FREY, Respondent.—Harvey, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered June 28, 1991, which denied plaintiff's motion for summary judgment.

This matter has previously been before us (152 AD2d 73) and a more detailed recitation of the factual and procedural history of the case can be found in that decision. Briefly stated, plaintiff commenced this consolidated suit seeking to recover from defendant the amounts due and owing for medical services rendered to defendant's husband (hereinafter decedent) before he died. In originally granting summary judgment to defendant, County Court held "that defendant did not have an obligation under the common-law doctrine of necessaries to pay for the services rendered to her husband" *(supra,* at 74). On appeal, this court opined that the common-law doctrine of necessaries should be expanded to impose reciprocal obligations on both spouses since such an expansion would, among other things, more accurately reflect the modern view of marriage as an economic partnership *(supra,* at 75). We then modified County Court's order by denying summary judgment and remitting the matter to County Court for a factual "resolution as to what extent, if any, defendant is liable for her husband's expenses" *(supra,* at 76). Following this decision, discovery (including depositions of the parties and their representatives) proceeded after which plaintiff moved for summary judgment before County Court. County Court denied the motion, prompting this appeal by plaintiff.

We affirm. Contrary to plaintiff's contentions on appeal, the information gained from discovery and the submission of new affidavits on appeal did not resolve the factual questions this court identified in the earlier appeal of this case, namely to what extent plaintiff relied on defendant's credit in extending medical care to decedent *(supra,* at 75) and also whether defendant has the means to pay for decedent's expenses *(supra; see,* 47 NY Jur 2d, Domestic Relations, § 696, at 102).

With respect to the rebuttable presumption in the creditor's favor that any necessaries furnished were presumed to be on the credit of the spouse, we note that plaintiff effectively concedes that it did not initially look to defendant's credit in rendering care to decedent, but instead argues that it could not realistically do so because of statutory policy concerns (see, Public Health Law § 2805-b [1]). As a result, plaintiff argues that it should not be bound to a standard of proof with which it is allegedly prohibited from complying. While plaintiff makes a compelling argument, we note that we never stated that the reliance aspect of the doctrine of necessaries was an inflexible one that could not take into account the differing circumstances involved with entities such as hospitals. Plaintiff's proof indicates that, with respect to seeking payment for bills, it looks first to the patient's insurance, then to the guarantor listed on the admission forms, then to the patient, and only as a last resort to the patient's family. On this record there remain unresolved questions as to whether plaintiff looked to defendant's credit at some point in rendering services to decedent. Defendant argues in opposition that there are factual questions as to whether the presumption was rebutted in light of the listing of only the decedent as a guarantor on billing statements and defendant's understanding that decedent's insurance company would pay medical expenses. It is not clear from the record what effect was intended by decedent's execution of a "guarantee". Usually a guarantor is someone other than the debtor. This and other seemingly conflicting proof brings us to the conclusion that County Court correctly denied plaintiff's summary judgment motion.

Along these lines, we further note that the question of defendant's ability to pay decedent's debts was not, as plaintiff contends, established by her testimony at an examination before trial. Defendant's description of her assets was extremely vague and uninformative and was not joined with a corresponding analysis of her reasonable living expenses. The responsibility to pay for a spouse's debts is limited by the means of the other spouse to do so (Our Lady of Lourdes Mem. Hosp. v Frey, 152 AD2d 73, 75, supra; 47 NY Jur 2d, Domestic Relations, § 696, at 103). Accordingly, plaintiff was not entitled to summary judgment.

The remaining contentions of the parties have been examined and have been found to be unpersuasive.

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.