OPINION OF THE COURT
Zelda Jonas, J.
Plaintiff commenced the above-entitled action against the defendant, John A. Mamakos, under the common-law theory of necessaries.
The court conducted a bench trial with regard to the above-entitled action. The only witness to testify was Don Roach, the plaintiff. The defendant was not present in the courtroom, nor was he subpoenaed by plaintiff to testify.
Plaintiff is the father of Pamela L. Mamakos, who is the daughter of plaintiff, and the former spouse of defendant, John A. Mamakos. The defendant, John A. Mamakos, and Pamela L. *457 Mamakos had been living together as a married couple in the residential dwelling owned by plaintiff, Don Roach. Both Pamela L. Mamakos and John A. Mamakos were signatories to a written lease agreement with Don Roach to lease the premises located at 40 Linden Street, Garden City, New York, for one year. The monthly rent was $1,200, and the term of the lease commenced on September 1, 1994 ending August 31, 1995 (plaintiff’s exhibit 1). There are no other written leases in evidence.
According to the testimony of Mr. Roach, sometime in April of 2000, the defendant, John A. Mamakos, left the residential dwelling where he resided with his wife, Pamela L. Mamakos, and two children. According to plaintiff’s testimony, the defendant had paid monthly rent in the amount of $1,500 for the months of January, February, March and April of 2000. Payment stopped after the April payment. Plaintiff testified that he sent a 30-day notice to terminate the tenancy of his daughter and defendant by letter. The letter in evidence is addressed to both Pamela Mamakos and John A. Mamakos to leave the premises by May 31, 2000 or the plaintiff landlord will commence a holdover action demanding the full value of the use and occupancy during the term of the holdover (defendant’s exhibit A). It is undisputed that the plaintiff allowed his daughter, Pamela L. Mamakos, and her two children, to continue to reside at the premises located at 40 Linden Street, Garden City. No holdover proceeding was ever commenced against either Pamela Mamakos or John A. Mamakos.
Plaintiff commenced this cause of action for necessaries against the defendant, John A. Mamakos, for rent arrears for monthly rent due in the amount of $1,500 from May 2000 until June 2002.
The documents in evidence reveal that Pamela Mamakos had commenced a matrimonial action for divorce against the defendant, John A. Mamakos, on May 18, 2000 (plaintiff’s exhibit 3, transcript at 8). During the pendency of the divorce action, a pendente lite order was issued by the Honorable Anthony Maraño, dated October 26, 2000, awarding Pamela Mamakos child support in the amount of $125 per week retroactive to the service of the application upon defendant (plaintiff’s exhibit 2). The matrimonial trial was conducted by the Honorable Ralph Diamond, the Judicial Hearing Officer, whereby Pamela Mamakos was awarded maintenance in the amount of $75 per week for five years and child support in the amount of $375 per week (plaintiff’s exhibit 3). The mainte *458 nance and child support payments were made retroactive to the time of the commencement of the divorce action, May 18, 2000, which was ordered in the judgment of divorce (plaintiff’s exhibit 4). On July 10, 2002, Pamela Mamakos filed a petition in Family Court of Nassau County for alleged maintenance and child support arrears due by John A. Mamakos (plaintiff’s exhibit 5).
The court finds that based upon the above documentary evidence plaintiff does not have a cause of action against John A. Mamakos for necessaries.
During the time in question that plaintiff seeks necessaries, May 2000 to June 2002, there was a pendente lite order from the court fixing the support owed by John Mamakos to Pamela Mamakos. The general rule is that a spouse is relieved of the common-law duty to supply the other spouse with necessaries during the pendency of a support order because the order fixes the amount of liability for support (Golin v Cassese, 197 AD2d 608 [1993]). Furthermore, the judgment of divorce established a maintenance and child support award to Pamela Mamakos that was retroactive to the commencement of the action, May 18, 2000, and therefore established the standard of support from the commencement of the action through the entry of the judgment of divorce on June 21, 2002. Because the judgment of divorce established the standard of support for the period in time that plaintiff seeks necessaries, there is no cause of action for necessaries available. (See, Scalchunes v Scalchunes, 134 AD2d 337 [1987].)
Even if the court were to consider the merits of plaintiff’s claim, the claim would be denied because plaintiff has failed to present evidence establishing the elements of a cause of action for necessaries.
At common law, there is a rebuttable presumption that necessaries purchased by a married woman are purchased by her as agent of her husband. This presumption is negated when the parties are separated, and the husband is not liable for necessaries if the separation is due to the wife’s fault. The plaintiff has the burden of proving that the separation took place under circumstances in which the defendant husband would be liable for necessaries and that the necessaries were furnished on the nondebtor spouse’s credit (Medical Bus. Assoc. v Steiner, 183 AD2d 86 [1992]; see, Constable v Rosener, 82 App Div 155 [1903]; Amplo v Di Mauro, 52 Misc 2d 810 [1967]). Plaintiff has failed to proffer any such evidence at trial.
Furthermore, plaintiff failed to show that allowing his daughter and grandchildren to remain on the premises was not a *459 gift. A third party who furnished necessaries to a wife during separation of the spouses must have an intent to charge them in order to be entitled to recover. If a third party intended for it to be a gift, he cannot later change his mind and hold the husband liable (Amplo, supra at 813). Even though plaintiff sent a letter of termination of the tenancy, threatening to recoup any rents outstanding in a holdover proceeding to have the tenants evicted, no such holdover proceeding was ever commenced against Pamela Mamakos, who is the primary debtor liable for the rent incurred after defendant had vacated the premises (Medical Bus. Assoc., supra). Further, plaintiff never named Pamela Mamakos as a party to this action to recover necessaries, thereby evidencing an intent not to recover any monies from her. The court can draw no other conclusion other than that plaintiff graciously allowed his daughter and grandchildren to reside on the premises without paying rent. Plaintiff’s sudden change of mind to pursue the former son-in-law for rent, and not his daughter, is of no moment.
Plaintiff’s failure to name Pamela Mamakos as a necessary party to this cause of action for necessaries is fatal to the action (CPLR 3211 [a] [10]; Albert C. v Joan C., 110 AD2d 803 [1985]). A spouse who incurs a debt for necessaries is primarily liable for that debt (Medical Bus. Assoc., supra at 97). Under the circumstances of this case, plaintiff terminated the lease and sent a letter addressed to both Pamela Mamakos and defendant that they should vacate the premises by May 31, 2000 or plaintiff would seek the value of the use and occupancy of the holdover. Defendant left the premises, but Pamela Mamakos remained as a holdover, thereby incurring debt for the value of the use and occupancy of the premises. At the time of termination of the tenancy, the rent had been paid through April 2000. Plaintiff’s burden is to establish that Pamela Mamakos, as the primary debtor, was unable to satisfy the debt out of her own resources and, therefore, had a financial inability to pay (Gilberg v Lennon, 212 AD2d 662 [1995]). Concomitantly, plaintiff also has the burden of proving the defendant nondebtor’s financial status and ability to pay, which he has not done so in this case (Our Lady of Lourdes Mem. Hosp. v Frey, 183 AD2d 994 [1992]).
Accordingly, plaintiff’s claim for necessaries from defendant is denied in its entirety, and the complaint is hereby dismissed.